SEAN REIS (#184044 )
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

JAY EDELSON (*Pro Hac Vice*)
jedelson@edelson.com
RYAN D. ANDREWS (*Pro Hac Vice*)
randrews@edelson.com
ARI J. SCHARG (*Pro Hac Vice*)
ascharg@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

*Attorneys for Plaintiff*

MARC ZWILLINGER (*Pro Hac Vice*)
marc@zwillgen.com
ZWILLGEN PLLC
1705 N Street, NW
Washington, D.C. 20036
Tel: (202) 296-3585

MICHELE FLOYD (SBN 163031)
michele.floyd@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA 94304
Tel: (650) 798-6755
Fax: (650) 798-6701

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

PETER DEACON, individually and on
behalf of all others similarly situated,

               Plaintiff,

    v.

PANDORA MEDIA, INC., a
Delaware corporation,

               Defendant.

Case No.  11-CV-4674-SBA

**JOINT CASE MANAGEMENT
STATEMENT**

Hon. Saundra B. Armstrong

**Case Management Conference set for
March 22, 2012 at 1:00pm.**

      Pursuant to Local Rule 16-9, and the Standing Order for all Judges of the Northern

District of California, Plaintiff Peter Deacon ("Plaintiff") and Defendant Pandora Media Inc.

("Defendant" or "Pandora") (collectively, the "Parties"), hereby jointly submit the following Joint Case Management Statement:

**I.     JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over the claims in this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

No issues exist with respect to personal jurisdiction or venue, and Defendant has been properly served.

**II.    SUBSTANCE OF THE ACTION:**

In this putative class action, Plaintiff Deacon alleges, individually, and on behalf of a Class and Subclass of similarly situated consumers, that Defendant disclosed its users' private music listening histories in violation of Michigan's Video Rental Privacy Act, M.C.L § 445.1712 ("VRPA"), and the Michigan Consumer Protection Act, M.C.L. § 445.903 ("MCPA").

Defendant Pandora offers an Internet radio service known as Pandora.com through which its users can select or create "radio stations" that can be personalized based on the user's musical tastes and preferences. Users can create stations based on specific songs, artists, or genres, and Pandora uses its proprietary technology to generate a playlist of songs with similar musical characteristics. Pandora users also have a personal profile page where information about their stations, bookmarked songs, and musical preferences is stored.  If users make their profiles public, this information is visible to others.

Plaintiff alleges that Pandora promised to protect his "Personal Page," which included information such as his full name, profile information, most recent "station," recent activity, listening history, bookmarked tracks, and bookmarked artists (collectively referred to as "Personal Information"), but instead made it available to the entire World Wide Web. Plaintiff further alleges that in April of 2010, Pandora unilaterally associated Plaintiff's Personal Page with his Facebook account, thereby releasing his Personal Information to all of his Facebook "friends" in violation of the VRPA and the MCPA.

Pandora has challenged Plaintiff's standing to bring this suit on the ground that the VRPA is inapplicable. That issue, among others, is raised in Pandora's Motion to Dismiss, which is scheduled for hearing on March 27, 2012. Pandora further denies that it has engaged in any conduct that amounts to a violation of either the VRPA and /or MCPA or Pandora's privacy policy.

**III.   FACTUAL ISSUES IN DISPUTE**

The factual issues disputed in this case include, but are not limited to:

1.  The technical method Defendant used to provide songs to its users;

2.  The types of information stored on Pandora users' profile pages;

3.  The types of user information publicly disclosed;

4.  Whether and when Pandora's Privacy Policy and Terms of Use informed users that Defendant would disclose their full name, music-listening history and/or other Personal Information;

5.  The identity of members in Plaintiff's proposed Classes;

6.  Whether Pandora's service constitutes "renting" "selling" or "lending" sound recordings for purposes of the Michigan Video Rental Privacy Act; and

7.  Whether Pandora's users are "customers" within the meaning of the VRPA.

The Parties have met and conferred but are unable to narrow the disputed factual issues in the action at this time.

**IV.   LEGAL ISSUES IN DISPUTE**

Pandora filed a motion to dismiss that sets forth several legal issues, including standing. In addition to the issues raised in Pandora's motion, the Parties have identified the following:

1.  Whether Pandora's disclosure of its users' Personal Information on the World Wide Web and through integration of its users' accounts with Facebook violated the VRPA;

2.  Whether Pandora obtained consent to disclose its users' Personal Information;

3.   Whether Pandora's conduct violates the MCPA; and

4. Whether Plaintiff will be able to certify the Class and Subclass.

The Court's decision on Pandora's Motion to Dismiss may narrow the disputed legal issues in this action.

**V.   MOTIONS**

Plaintiff anticipates filing the following motions:

1.      A motion for class certification;

2.      A motion for summary judgment; and

3.      Discovery related motions, if necessary.

Defendant anticipates filing, or has filed, the following motions:

1.      Motion to Dismiss Plaintiff's Class Action Complaint (filed on November 28, 2011 (Dkt. No. 20), fully briefed and set for hearing on March 27, 2012 at 1:00 PM);

2.      A motion for summary judgment; and

3.      Discovery related motions, if necessary.

**VI.   AMENDMENT OF PLEADINGS**

At this time, Plaintiff does not anticipate the need to further amend the pleadings. However, additional information obtained through discovery in this matter may necessitate amendments in the future.

The Parties propose that amended pleadings (if any), be filed in accordance with whatever discovery schedule and general case deadlines the Parties ultimately agree to, as discussed in Section XVII below, or as set by the Court if the Parties are unable to agree on a date.

**VII.   EVIDENCE PRESERVATION**

Counsel for both Parties have discussed evidence preservation and have spoken to their clients about the need to preserve relevant evidence, including electronically stored information. Pandora has put a litigation hold in place, and has communicated the need to preserve such information to third parties who may possess relevant evidence.

**VIII.   DISCLOSURES**

The Court ordered the Parties to make their initial disclosures by March 15, 2012 (Dkt. No. 4). The Parties intend to exchange their Initial Disclosures on the scheduled date.

**IX.   DISCOVERY**

To date, no discovery information has been formally exchanged, but the Parties are currently working on a stipulated protective order. As stated above, the Parties intend to make their initial disclosures on March 15, 2012, as ordered by the Court. The Parties further anticipate commencing discovery after the initial CMC conference.

The Parties anticipate taking discovery on the following non-exhaustive list of topics: (i) the Terms of Service and Privacy Policy agreements displayed to Plaintiff while signing up for Pandora's services, (ii) the process by which Plaintiff purportedly assented to Pandora's Terms of Service and Privacy Policy agreements, (iii) information about how Plaintiff's Personal Information was made publicly available via search engine indexing or otherwise, (iv) the information attributable to Plaintiff that was publicly disclosed, (v) the total number of Pandora users whose Personal Information was publicly disclosed, (vi) integration of Plaintiff's account with his Facebook account, (vii) whether Pandora obtained consent to integrate Plaintiff and its users' accounts with their Facebook accounts, (viii) the total number of Pandora users whose accounts were integrated with Facebook, (ix) the information that was disclosed to Pandora users' Facebook contacts as a result of the integration process.

The Parties also anticipate propounding discovery on, but not limited, to the following third-party entities: Google and Yahoo!, regarding Personal Information that was collected and indexed from Pandora users' profile pages, and Facebook, regarding its agreement with Pandora to integrate their users' accounts, any information made available to Facebook users as a result of the integration with Pandora, and whether or not Facebook obtained consent from its users to integrate with Pandora.

In recognition of the sensitive nature of materials that may be produced, the Parties have agreed to the entry of an appropriate protective order.

Although it is premature to anticipate the scope of discovery in this case, the Parties do not foresee the need for a modification of the scope of discovery rules in the Federal Rules of Civil Procedure, or the standard discovery limitations thereunder.

**X.   CLASS ACTION**

Plaintiff alleges that the Court should certify, pursuant to Fed. R. Civ. P. 23(b)(2) and (3), a Class and a Subclass, defined as follows:

> **The Disclosure Class**: A class consisting of all Michigan residents who registered as users or subscribers of Pandora's services before August 5, 2010.
>
> **The Facebook Disclosure Subclass**: A subclass consisting of all Michigan residents whose Pandora account was automatically integrated with a Facebook account before August 5, 2010.

Plaintiff believes he should be permitted to maintain this action under Fed. R. Civ. P. 23(a) and (b) because:

**Numerosity:** The Class and Subclass is estimated to consist of millions of individuals and other entities, so individual joinder in this case is impracticable. Class and Subclass members can be easily identified through Defendant's records, records of third parties and public records.

**Commonality:** There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include but are not limited to those addressed in Section III and IV.

**Typicality:** Plaintiff alleges that the factual and legal bases of Pandora's liability to Plaintiff and to the other members of the Class and Subclass are the same requiring the Court's imposition of uniform relief.

**Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass members, and have retained counsel competent and

experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and Subclass and Defendant has no defenses unique to Plaintiff.

**Predominance and Superiority:** Plaintiff alleges that the questions of law and fact discussed above predominate over any questions affecting only individual members, as Pandora's alleged conduct was uniform to the Plaintiff, Class and the Subclass. This class action lawsuit is the most fair and efficient way of adjudicating the controversy. The members of the Class would find the cost of litigating their claims to be prohibitive, as each individual plaintiff has suffered relatively small statutory damages compared to the cost of litigation. A class action is also superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

As indicated below, Plaintiff proposes to file his motion for class certification by November 23, 2012.

Pandora disagrees that this action is suitable for class resolution and will oppose the motion for class certification on grounds including, but not limited to, the following: to the extent that Plaintiff seeks monetary relief, certification under Rule 23b(2) is improper; and common issues of law and fact will not predominate the trial of this action. Discovery may reveal additional grounds for opposing certification, which defendant will assert as appropriate.

## XI.    RELATED CASES

The Parties are not aware of any related cases.

## XII.    RELIEF REQUESTED

As provided in the Class Action Complaint (Dkt. No. 1), Plaintiff respectfully requests that the Court enter an Order awarding, *inter alia*:

A.     statutory damages of $5,000 per Class and Subclass member, as provided by the VRPA, M.C.L. § 445.1715(a);

B.     injunctive and equitable relief as is necessary to protect the interests of the Plaintiff, the Class and Subclass by requiring Pandora to cease the unlawful disclosures and

1    misrepresentations discussed herein; and

2         C.      Plaintiff and the Class and Subclass their reasonable litigation expenses and

3    attorneys' fees as provided by the VRPA, M.C.L. § 445.1715(b).

4    **XIII.   SETTLEMENT AND ADR**

5         On March 1, 2012, the Parties telephonically met and conferred. The Parties have agreed

6    to an early private mediation with a mutually agreed upon mediator within one hundred and

7    twenty (120) days of the Court's ruling on Defendant's Motion to Dismiss. (Dkt. No. 32.)

8    **XIV.   CONSENT TO MAGISTRATE FOR ALL PURPOSES**

9         The Parties have respectfully declined to proceed before a magistrate judge for all

10   purposes. (Dkt. No. 5.)

11   **XV.    OTHER REFERENCES**

12        The Parties do not believe that this case is suitable for reference to binding arbitration, a

13   special master or the Judicial Panel on Multidistrict Litigation.

14   **XVI.   EXPEDITED SCHEDULE**

15        The Parties agree that this case is not suitable for an expedited schedule or streamlined

16   procedures.

17   **XVII.  SCHEDULING**

18        The Parties propose the following schedule:

19        March 10, 2014                    Trial;

20        February 10, 2014, 1:00 p.m.      Pretrial Conference;

21        February 3, 2014                  Last day to file replies to motion *in limine*;

22        January 27, 2014                  Last day to file oppositions to motion *in limine*;

23        January 20, 2014                  Last day to submit motion *in limine*, joint jury

24                                          instructions, exhibit and witness lists, trial briefs,

25                                          expert testimony designations, proposed findings of

26                                          fact and conclusions of law (if applicable), voir dire

27

28
                                                   8

| | | |
|---|---|---|
| | | and verdict forms and other matters required for pretrial conference; |
| | January 7, 2014 | Last day to have dispositive motions heard; |
| | December 30, 2013 | Last day to meet and confer on Pretrial Conference matters |
| | December 17, 2013 | Mandatory Settlement Conference |
| | November 26, 2013 | Expert discovery cuts off |
| | July 9, 2013 | Discovery cut off |
| | August 19, 2013 | Last day to disclose plaintiff's expert report(s) |
| | September 16, 2013 | Last day to disclose defendant's expert report(s) |
| | November 23, 2012 | Last day to file class certification motion |
| | September 24, 2012 | Last day to disclose class certification rebuttal experts |
| | August 24, 2012 | Last day to disclose class certification experts |
| | July 27, 2012 | Last day to file motions to join parties or amend pleadings. |

## XVIII. TRIAL

Plaintiff has requested a trial by jury of all matters that can be so tried in this action. The Parties anticipates that a trial in this matter will require approximately five (5) days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed a certificate of interested entities or persons. (Dkt. No. 3.) Plaintiff knows of no other persons, firms, partnerships, corporations or other entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Pandora has filed certifications of interested entities or persons. (Dkt. No. 31.) At this time, Pandora knows of no other persons, firms, partnerships, corporations or other entities that

1    have either: (i) a financial interest in the subject matter in controversy or in a party to the

2    proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome

3    of the proceeding.

4    **XX.    OTHER MATTERS**

5            The Parties are unaware of any other matters that may facilitate the just, speedy and

6    inexpensive disposition of this action at this time.

7
                                              Respectfully submitted,
8
     Dated:  March 12, 2012                   **PETER DEACON**, individually and on behalf of
9                                             all others similarly situated,

10                                            By:/s/ Ari J. Scharg
                                                     One of Plaintiff's Attorneys
11
                                              SEAN REIS - SBN 184044
12                                            sreis@edelson.com
                                              EDELSON MCGUIRE, LLP
13                                            30021 Tomas Street, Suite 300
                                              Rancho Santa Margarita, California 92688
14                                            Tel: (949) 459-2124
                                              Fax: (949) 459-2123
15
                                              JAY EDELSON
16                                            jedelson@edelson.com
                                              RYAN D. ADREWS
17                                            randrews@edelson.com
                                              ARI J. SCHARG
18                                            ascharg@edelson.com
                                              EDELSON MCGUIRE, LLC
19                                            350 North LaSalle Street, Suite 1300
                                              Chicago, Illinois 60654
20                                            Tel: (312) 589-6370
                                              Fax: (312) 589-6378
21

22                                            Respectfully submitted,
23
     Dated:  March 12, 2012                   **PANDORA MEDIA, INC.**
24
                                              By:/s/ Michele D. Floyd
25                                                   One of Defendant's Attorneys

26

27

28                                       10

MARC ZWILLINGER
marc@zwillgen.com
ZWILLGEN PLLC
1705 N Street, NW
Washington, D.C. 20036
Tel: (202) 296-3585 (main)

MICHELE D. FLOYD (SBN 163031)
michele.floyd@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA 94304
Tel: (650) 798-6755
Facsimile: (650) 798-670

JOINT CASE MANAGEMENT STATEMENT                                     CASE NO. 11-CV-4674-SBA